Amber Ahyawna Smith
139 Loveridge Circle
Pittsburg, CA 94565
619 792 3123
ambers2085@gmail.com

Plaintiff in Pro Per

**FILED**
JUL 2 5 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

| | |
|---|---|
| AMBER AHYAWNA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CITY AND COUNTY OF SAN FRANCISCO SHERIFF'S DEPARTMENT, VICKI L. HENNESSY, in her capacity as Sheriff of the City and County of San Francisco Sheriff's Department, M. FOLGER (#2233), individually and in his capacity as a Peace Officer for the City and County of San Francisco Sheriff's Department, B. GOODMAN (#2149), individually and in his capacity as a Peace Officer for the City and County of San Francisco Sheriff's Department, LEWIS (#1187), individually and in his capacity as a Peace Officer for the City and County of San Francisco Sheriff's Department, HASKELL (#1374), individually and in his capacity as a Peace Officer for the City and County of San Francisco Sheriff's Department, and DOES 1 – 200, jointly and severally,<br><br>    Defendants. | Case No.: **C17- 4224**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY TRIAL DEMANDED**<br><br>1. Violation of Civil Rights – 42 U.S.C. §1983<br>2. Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*<br>3. Battery<br>4. Intentional Infliction of Emotional Distress<br>5. Negligence<br>6. Violation of 42 U.S.C. §1983 – Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline<br>7. Violation of Civil Rights – California Civil Code §52.1<br>8. Injunctive Relief and Declaratory Relief<br>9. Invasion of Privacy<br>10. False Imprisonment/False Arrest<br>11. Violations of Americans with Disabilities Act ("ADA") |

Plaintiff alleges as follows:

## INTRODUCTION

1.    This is an action for money damages brought pursuant to 42 U.S.C. sections 1983 and 1988, and Fourth and Fourteenth Amendments to the United States Constitution, and under

COMPLAINT FOR DAMAGES
*Smith v. CCSF, et al.*
USDC (N.D. Cal.) Case No.: _____

1  the common law and statutes of the State of California, against the City and County of San
2  Francisco (hereinafter referred to as the "County"), the City and County of San Francisco
3  Sheriff's Department (hereinafter referred to as the "Department"), Sheriff Vicki L. Hennessy
4  (hereinafter referred to as "Hennessy"), Sheriff's Deputy M. Folger (#2233) (hereinafter referred
5  to as "Folger"), Sheriff's Deputy B. Goodman (#2149) (hereinafter referred to as "Goodman"),
6  Senior Deputy Lewis (#1187) (hereinafter referred to as "Lewis"), Sergeant Haskell (#1374)
7  (hereinafter referred to as "Haskell"), and fictitiously named Defendants (Does 1 – 200)
8  individually, and in their capacities as peace officers and/or supervisory personnel for County
9  and/or Department.

## PARTIES

2. Plaintiff, Amber Ahyawna Smith (hereinafter referred to as "Plaintiff"), is and at all times herein mentioned was a resident of the County of Contra Costa. The event complained of herein occurred on January 26, 2017, in the City and County of San Francisco.

3. Defendant County is a political subdivision of the State of California, duly organized and existing under the laws of the State of California, and the Department is a duly organized agency of the County. (These two defendants may also hereinafter be referred to jointly as the "County.")

4. At all times mentioned herein, defendant Hennessy was the Sheriff of the City and County of San Francisco Sheriff's Department, and was acting within the course and scope of her office.

5. At all times mentioned herein, defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100 were employed as peace officers for the County. Defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100 are sued individually, and in their capacities as peace officers for the County. By engaging in the conduct described herein, defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100 acted under color of law and in the course and scope of their employment for defendant County. By engaging in the conduct described herein, Defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100 exceeded the authority vested in them as peace officers under the United States Constitution and as employees of the County. At all times

mentioned herein, Does 101 to 200 were employed as supervisory personnel in the Department. Does 101 to 200 are sued individually, and in their capacities as supervisory personnel for the Department. By engaging in the conduct described herein, Does 101 to 200 acted under color of law and in the course and scope of their employment for defendant County. By engaging in the conduct described herein, Does 101 to 200 exceeded the authority vested in them as supervisory personnel of the Department under the United States and California Constitutions and laws, and as employees of the County.

6.  Plaintiff is ignorant of the true names and capacities of Defendant Does 1 to 200, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Doe defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of defendant Does 1 through 200, inclusive, when they have been ascertained.

7.  At all times herein mentioned each Doe defendant was the agent or employee of defendants County, Folger, Goodman, Lewis, Haskell, and Hennessy, and in doing the things alleged, was acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of defendants County, Hennessy, Folger, Goodman, Lewis and Haskell.

## STATEMENT OF FACTS

8.  On January 26, 2017, at approximately 11:51 a.m., plaintiff, a patient at San Francisco General Hospital and who defendants Folger, Goodman, Lewis, and Haskell knew was having a mental/emotional crisis and breakdown, i.e., suffering from acute post-traumatic stress disorder while intoxicated, was subjected to repeated, unnecessary, and inappropriate force by these defendants including the deployment of pepper spray for no excusable, just or lawful reason and in violation of plaintiff's civil rights under the laws and Constitutions of the United States and of the State of California.

These defendant officers brought plaintiff outside the hospital while she was still lying on a gurney in her hospital gown and without her clothes. Once outside, plaintiff was ordered to get

off the gurney and leave the hospital. After refusing to do so, these defendant officers yanked plaintiff up and off the gurney following which her gown dropped, exposing her breasts, and she was thrown onto the ground.

While on the ground, face and chest down, and without being given any orders or commands by these defendant officers or informed that she was under arrest, these defendant officers used unnecessary and inappropriate force upon her including the repeated application of pepper spray.

Plaintiff was handcuffed, placed under arrest and spent the night in jail. No criminal charges were ever brought against plaintiff.

After arrival at the San Francisco County Jail facility and upon exiting the patrol vehicle, while still handcuffed, plaintiff's hospital gown, again, slipped down exposing her breasts. These defendant officers failed and/or refused to immediately re-cover her breasts with her hospital gown. These defendant officers waited minutes before re-securing plaintiff's hospital gown in proper fashion, i.e., covering plaintiff's breasts.

Goodman, in his reporting of the contact between plaintiff and defendants, falsely claimed that plaintiff resisted the officers, attempted to bite Goodman and that plaintiff knowingly exposed her breasts to them. In truth and in fact, the defendant officers deliberately, recklessly, or carelessly caused plaintiff's breasts to be exposed to them and to the general public while plaintiff did not physically resist them nor did she try to bite any of them.

9. At all times herein mentioned, Hennessy, Folger, Goodman, Lewis, Haskell, and Does 1 to 100 were acting within the course and scope of their employment with the County, and were acting under color of law. A timely claim under California Gov't. Code § 910 was filed, for all State claims, and rejected on May 12, 2017.

10. At all material times and, alternatively, the actions and omissions of each Defendant were malicious, intentional, oppressive, in reckless disregard and/or deliberately indifferent to plaintiff's rights or safety, and/or negligent.

11. As a legal cause of each defendant's acts and/or omissions as set forth above, plaintiff suffered and sustained the following injuries and damages, past and future, including,

COMPLAINT FOR DAMAGES  - 4 –
Smith v. CCSF, et al.
USDC (N.D. Cal.) Case No.: _____

but not limited to:

    a. Severe emotional distress, humiliation, indignity, embarrassment, anger, frustration, annoyance, anxiety, and sleeplessness;

    b. Loss of enjoyment of life;

    c. All other legally cognizable special and general damages;

    d. Violations of state and federal constitutional rights;

    e. All damages and penalties recoverable under 42 U.S.C. §§ 1983;

    f. Medical expenses;

    g. All damages and penalties recoverable under California Civil Code §§ 43, 52(a), (b), 52.1, 52.4, Article I §13 of the California Constitution, and as otherwise allowed under California and United States statutes, codes, and common law.

## FIRST CLAIM

### (Violation of Civil Rights – 42 U.S.C. §1983)

### (Against Defendants Folger, Goodman, Lewis, Haskell, and Does 1 to 200)

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

13. In doing the acts complained of, defendants Folger, Goodman, Lewis, and Haskell acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from the use of excessive force, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right to be free from unreasonable seizures;

    c. The right to be free from wrongful arrest and/or imprisonment; and

    d. The right to one's liberty in bodily integrity, as secured by the Due Process Clause of the Fourteenth Amendment. *Winston v. Lee*, 470 U.S. 753 (1985); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)).

///

14. As a legal result of defendants' conduct, plaintiff suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM

(Violation of Civil Rights – 42 U.S.C. §1983 -- *Monell*)

(Against Defendant County, Hennessy, Folger, Goodman, Lewis, Haskell, and Does 1 to 200)

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

16. Defendant County, Hennessy, Folger, Goodman, Lewis, Haskell, and Does 1 to 100, by and through their supervisory officials and employees, and Does 101 to 200, have been given notice, on repeated occasions, of a pattern of ongoing constitutional violations and practices by defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100, and other County peace officers, consisting of the use of unnecessary and excessive force against civilians. Notwithstanding said notice, County, Hennessy, and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by Folger, Goodman, Lewis, Haskell, Does 1 to 100 and other County peace officers. This lack of adequate supervisorial response by County, Hennessy and Does 101 to 200 demonstrates ratification of the defendant peace officers' unconstitutional acts, as well as the existence of an informal custom or policy that tolerates and promotes the continued use of excessive force against and violation of civil rights of civilians by County peace officers.

17. The acts of defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100, as alleged herein, are the direct and legal result of the deliberate indifference and policy and/or practice of Defendant County, Hennessy, and Does 101 to 200, to violations of the constitutional rights of civilians by defendant peace officers, and other members of the Department. Defendant County, Hennessy, and Does 101 to 200 have taken no action to stop the use of excessive force

COMPLAINT FOR DAMAGES                                                                                               - 6 –
*Smith v. CCSF, et al.*
USDC (N.D. Cal.) Case No.: _____

as is the case with the plaintiff, as set forth above. Plaintiff's injuries and damages were foreseeable and were the legal result of the deliberate indifference of the County, Hennessy and Does 101 to 200 to the patterns, practices, customs, and policies described above.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CLAIM

### (Battery)

### (Against Defendants Folger, Goodman, Lewis, Haskell, and Does 1 to 100)

18. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

19. Defendants Folger, Goodman, Lewis, Haskell and Does to 100 caused an unwanted and harmful touching of plaintiff's person, resulting in physical and emotional damages.

20. Plaintiff did not consent to this offensive contact. The conduct of these defendants was neither privileged nor justified under statute or common law. Defendant County is liable under the California doctrine of *respondeat superior*.

21. The conduct of these defendants legally resulted in plaintiff suffering damages as set forth herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CLAIM

### (Intentional Infliction of Emotional Distress)

### (Against Defendants Folger, Goodman, Lewis, Haskell, and Does 1 to 100)

22. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

23. The conduct of defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100, as set forth herein, was extreme and outrageous, willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon plaintiff. The conduct of these defendants was neither privileged nor justified under statute or common law. Defendant County is liable under the California doctrine of *respondeat superior*.

24. As a result of said defendants' conduct, as aforesaid, plaintiff is entitled to an award of punitive damages.

WHEREFORE, plaintiff prays for relief as set forth herein.

## FIFTH CLAIM

### (Negligence)

### (Against Defendants Folger, Goodman, Lewis, Haskell, and Does 1 to 200)

25. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants Hennessy, Folger, Goodman, Lewis, Haskell and Does 1 to 200, and any and all allegations requesting punitive damages.

26. At all times herein mentioned defendants Folger, Goodman, Lewis, Haskell and Does 1 to 200 were subject to a duty of care, to avoid causing unnecessary physical harm and emotional distress to persons in the exercise of their duties. The conduct of these defendants as set forth herein, did not comply with the standard of care to be exercised by reasonable peace officers nor did it comply with Department procedures, and legally caused plaintiff to suffer damages as herein set forth, including physical harm and severe mental and emotional distress. The conduct of these defendants was neither privileged nor justified under statute or common law. Defendant County is liable under the California doctrine of *respondeat superior*.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## SIXTH CLAIM

### (Violation of 42 U.S.C. §1983 – Negligent Selection, Training,

### (Retention, Supervision, Investigation, and Discipline)

### (Against County, Hennessy and Does 101 to 200)

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

28. Defendants County, Hennessy, and Does 101 to 200 have, and, at all times mentioned herein had, a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline defendants Folger, Goodman, Lewis, Haskell and Does 1 to

COMPLAINT FOR DAMAGES — 8 —
*Smith v. CCSF, et al.*
USDC (N.D. Cal.) Case No.: _____

100 herein so as to avoid unreasonable risk of harm to persons.

29. Said defendants, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and unlawful practices by defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100, and other County peace officers, including the use of unnecessary and excessive force against persons.

30. Notwithstanding this notice, defendants County, Hennessy and Does 101 to 200 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of this pattern of conduct by County peace officers and defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100.

31. Said defendant breached their duty of care to civilians in that they have failed to adequately train defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100, and other County peace officers, in the proper use of force in the course of their employment as peace officers. This lack of an adequate supervisory response by defendant County, Hennessy, and Does 101 to 200, and lack of adequate supervisory training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against residents, and violation of the civil rights of residents by Folger, Goodman, Lewis, Haskell and Does 1 to 100.

32. The wrongful conduct of these defendants legally caused plaintiff the suffering and damages as set forth herein.

WHEREFORE, plaintiff prays for relief as set forth herein.

## SEVENTH CLAIM

**(Violation of Civil Rights – California Civil Code §52.1)**

**(Against Defendant County, Folger, Goodman, Lewis, Haskell, and Does 1 to 100)**

33. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

34. The conduct of defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100, as described herein violated California Civil Code §52.1 in that Folger, Goodman, Lewis,

Haskell and Does 1 to 100 interfered with plaintiff's exercise and enjoyment of her civil rights, including her right(s) of privacy, as enumerated above, through the use of wrongful force and/or arrest.

35. As a direct and legal cause of said defendant's violation of Civil Code §52.1, plaintiff suffered violations of her constitutional rights, and suffered damages as set forth herein.

36. Since the conduct of defendants Folger, Goodman, Lewis, Haskell and Does 1 to 100 occurred in the course and scope of their employment, defendant County and Does 101 to 200 are therefore liable to plaintiff pursuant to *respondeat superior*.

37. Plaintiff is entitled to injunctive relief and to an award of reasonable attorney's fees pursuant to Civil Code §52.1(h).

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## EIGHTH CLAIM

(Injunctive Relief and Declaratory Relief)

(Against Defendant County, Hennessy, Folger, Goodman, Lewis, Haskell, and Does 1 to 100)

38. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

39. The continuing pattern, as described above, of defendants maliciously, intentionally, oppressively, willfully, and in conscious disregard of rights of civilians of the City and County of San Francisco depriving civilians of their right to be free from excessive force and wrongful arrest and restraint of freedom and depriving them of equal protection of the laws, in violation of the Fourth and Fourteenth amendments of the Constitution of the United States and 42 U.S.C. §1983 and enforced by deliberate supervisorial indifference to their foreseeable constitutional consequences. The continued use of these policies, permits and encourages members of Department to restrain, batter, and to inflict excessive and/or unnecessary force in contravention of the Constitution of the State of California and the Constitution of the United States of America.

40. Accordingly, unless and until the relief demanded in this complaint is granted,

plaintiff has reason to believe that her rights be free from excessive force, false arrest and/or imprisonment will continue to be threatened. Therefore, unless the relief demanded is granted, plaintiff will suffer serious and irreparable injury by the threat of loss of her fundamental Constitutional rights.

41.     Plaintiff has no plain, complete and adequate remedy at law to redress these violations, and threatened violations, and this suit for declaratory relief, injunctive relief, and damages, is her only means of securing complete and adequate relief. No other remedy would offer plaintiff substantial and complete protection from continuation of defendant' unlawful and unconstitutional acts, policies, and practices. Plaintiff has protectable interests that outweigh defendants' interest in maintaining such inequitable and unreasonable policies and procedures.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## NINTH CLAIM

### (Invasion of Privacy)

### (Against Defendant County, Hennessy, Folger, Goodman, Lewis, Haskell, and Does 1 to 100)

42.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

43.     Plaintiff's person, and, in particular, her breasts, are a very private and personal place. By the acts alleged above, Defendants Folger, Goodman, Lewis and Haskell intruded into plaintiff's person in which she had a reasonable expectation of privacy, in a manner that would be highly offensive to a reasonable person and which amounted to an invasion of her privacy.

44.     County is liable under California Government Code §§ 815, 815.2(a) for the acts/omissions of Folger, Goodman, Lewis and Haskell committed within the course and scope of their employment.

45.     As a legal cause of the conduct of Folger, Goodman, Lewis and Haskell, plaintiff sustained injuries and damages, as set forth above, in ¶ 11. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

WHEREFORE, plaintiff prays for relief as set forth herein.

## TENTH CLAIM

### (False Imprisonment/False Arrest)

### (Against County, Folger, Goodman, Lewis, Haskell, and Does 1 to 100)

46. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

47. By the acts of the individually named defendants and Does 1 to 100 alleged herein, plaintiff was falsely imprisoned/falsely arrested, thereby entitling plaintiff to damages pursuant to California law.

48. The aiding and abetting and/or failure to intervene and/or failure to prevent this imprisonment gives rise to liability on the part of the other individually named and/or Doe defendants.

49. Defendant County is liable under California Government Code § 815.2 for the false imprisonment/false arrest, committed within the course and scope of the named defendants' employment.

50. As a legal cause of the foregoing wrongful acts, plaintiff sustained injuries and damages, as set forth above, in ¶ 11. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against defendants in their individual capacities. No punitive damages are sought against the County.

WHEREFORE, plaintiff prays for relief as set forth herein.

## ELEVENTH CLAIM

### (Violations of Americans with Disabilities Act ("ADA"))

### (Against County, Folger, Goodman, Lewis, Haskell, and Does 1 to 100)

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this complaint.

52. Pursuant to 42 U.S.C. § 12133 and relevant case law, this Court has concurrent jurisdiction with respect to claims arising out of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.

53. On or about January 26, 2017, and at all material times herein, plaintiff had a

"disability" as defined within ADA, 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, in that plaintiff had physical and mental impairments that substantially limited one or more of her major life activities, including but not limited to caring for herself, seeing, hearing, walking, standing, lifting, bending, and the operation of neurological and brain functions, as alleged in ¶ 8 above and which disability was apparent to defendants.

54. Plaintiff, at the time of the subject incident, was, as a citizen, eligible to law enforcement services by County. Plaintiff also qualifies as a disabled individual pursuant to the ADA and meets the essential eligibility requirements for the receipt of services from the County's law enforcement department. Those services include the right to not be discriminated against on the basis of her disabilities and the right to be taken into custody in a manner that is consistent with her special needs.

55. Defendant County is a public entity in that it is a local government. On information and belief, Defendant County is also a recipient of Federal assistance.

56. At all material times, Defendant County's peace officers were fully aware that plaintiff was a mentally and physically handicapped individual as defined within ADA, 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104, given their encounter with plaintiff just minutes before the incident occurred.

57. Disability Discrimination

a. Defendant County violated the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(i) in that its peace officers denied plaintiff, a qualified individual with a disability, the opportunity to participate in or benefit from the aid, benefit, or services of the County's law enforcement department. Instead, Defendants physically attacked plaintiff on the basis that she was a disabled individual. Defendant County's peace officers, discriminated against and treated plaintiff differently than other non-disabled individuals because they were aware that given plaintiff's mental and physical handicaps she: 1) was less likely to complain of physical harm, thus allowing them to escape liability; and 2) was not going to fight back and/or defend herself.

b. Defendant County violated the prohibitions against discrimination as stated in ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(ii), in that its peace

officers, by reason of plaintiff's physical and mental disabilities, did not afford plaintiff an opportunity to participate in or benefit from the aid, benefits, and services that are equal to those afforded other non-disabled individuals by Defendant County and its peace officers. Instead, Defendants physically attacked plaintiff on the basis that she was a disabled individual. Defendant County's peace officers, discriminated against and treated plaintiff differently than other non-disabled individuals because they were aware that given plaintiff's mental and physical handicaps she: 1) was less likely to complain of physical harm, thus allowing them to escape liability; and 2) was not going to fight back and/or defend herself.

   c. Defendant County violated the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(iii), in that its peace officers, on the basis of plaintiff's disability, failed to provide plaintiff an aid, benefit, or service that was as effective in affording equal opportunity to obtain the same result, to gain the same benefit, and to reach the same level of achievement as provided to other individuals in the same situation. Instead, Defendant County's peace officers physically attacked plaintiff on the basis that she was a disabled individual. Defendant County's peace officers discriminated against and treated plaintiff differently than other non-disabled individuals because they were aware that given plaintiff's mental and physical handicaps she: 1) was less likely to complain of physical harm, thus allowing them to escape liability; and 2) was not going to fight back and/or defend herself.

   d. Defendant County violated the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(iv), in that its peace officers, on the basis of plaintiff's disabilities, provided different aids, benefits, or services to plaintiff than is provided to non-disabled individuals. Defendant County's peace officers, on the basis of plaintiff's mental and physical disabilities, questioned, seized, and arrested plaintiff differently than they would non-disabled individuals in the same situation. Defendants used unnecessary and unreasonable force against plaintiff simply because she was disabled. Defendant County's peace officers, discriminated against and treated plaintiff differently than other non-disabled individuals because they were aware that given plaintiff's mental and physical handicaps she: 1) was less likely to complain of physical harm, thus allowing them to escape liability; and 2) was not going to fight back and/or defend

herself.

e.     Defendant County violated the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(1)(vii), in that its peace officers limited plaintiff in the enjoyment of the rights, privileges, advantages, and opportunities enjoyed by other individuals in the community receiving the same aid, benefits, and services of Defendants. While being questioned, seized, and arrested by Defendants, plaintiff was entitled to rights, privileges, advantages, and opportunities to be free from unnecessary and unreasonable force. By reason of plaintiff's mental and physical disabilities, plaintiff was limited and/or denied her rights, privileges, advantages, and opportunities to be free from unnecessary and unreasonable force that other non-disabled individuals in the community would otherwise have been afforded. Defendant County's peace officers, discriminated against and treated plaintiff differently than other non-disabled individuals because they were aware that given plaintiff's mental and physical handicaps she 1) was less likely to complain of physical harm, thus allowing them to escape liability and 2) was not going to fight back and/or defend herself.

58.     Failure to Provide Reasonable Accommodations

a.     When plaintiff was unable to immediately comprehend, respond to, and comply with Defendant County's peace officers' commands due to her disabilities, Defendant County's peace officers used unnecessary and unreasonable force against plaintiff legally causing plaintiff the injuries alleged in ¶ 11 above. As such, Defendants, by reason of plaintiff's disabilities, denied plaintiff the benefits of her rights and privileges, including the right to be free of unnecessary and unreasonable force, while she was being questioned, seized, and arrested.

b.     Defendant County's peace officers, in questioning, seizing, and arresting plaintiff, failed to provide her with reasonable accommodations which would have given her an equal opportunity to participate in, respond to, and comply with their questions and commands, given her obvious and known mental and physical disabilities. At a minimum, Defendants should have allowed for additional time and opportunity to properly communicate with plaintiff as to the nature of their interaction with her. Providing plaintiff

reasonable accommodations for her mental and physical disabilities would have allowed plaintiff to obtain the same peaceful result as non-disabled individuals while being questioned, seized, and arrested.

      c.    Defendant County violated the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.160(b)(1)-(2), in that its peace officers had a duty and failed to furnish appropriate auxiliary aids and services to plaintiff, a disabled member of the public, to afford her an equal opportunity to effectively communicate during, participate in, and enjoy the benefits of Defendant County's law enforcement activities, services, and programs.

59.    Defendant County violated the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35.130(b)(3), in that it, through its peace officers, utilized criteria and methods of administration that 1) had the effect of subjecting plaintiff to discrimination of the basis of her disabilities; and 2) on information and belief, had the purpose or effect of defeating or substantially impairing accomplishment of the objectives of Defendant County's program(s) with respect to individuals with disabilities. Defendant County's peace officers, by failing to provide reasonable accommodations to plaintiff to allow her to understand, respond to, and comply with the County peace officers' questions and commands, utilized criteria and methods of administration that subjected plaintiff to discrimination on the basis of her disabilities and utilized unnecessary and unreasonable force that subjected plaintiff to the injuries alleged in ¶ 11 above.

60.    Defendant County's peace officers did not ensure that its actions toward plaintiff were based on actual risks to them, but, instead, were based on speculation, stereotypes, and generalizations about plaintiff. At the time which Defendant County's peace officers interacted with plaintiff in the manner alleged in ¶ 8 above, plaintiff was mentally and physically disabled, unarmed, unable to flee, and was suspected of only a minor offense.

61.    A reasonable officer would not have applied physical force here because the risk of flight was extremely low, the risk of harm to the officers and the community was low, and the alleged offense was not serious enough that it warranted physical force.

62.    Defendant County's peace officer's discrimination of plaintiff by reason of her

COMPLAINT FOR DAMAGES    - 16 –
Smith v. CCSF, et al.
USDC (N.D. Cal.) Case No.: _____

status as a disabled individual, as alleged herein, was a direct and legal cause of plaintiff's injuries as alleged in ¶ 11 above.

63. Defendant County's peace officers' failure to ensure its communications with plaintiff were as effective as those with non-disabled individuals was a direct and legal cause of plaintiff's injuries as alleged in ¶ 11 above.

64. Defendant County's peace officers' failure to provide appropriate auxiliary aids and services to plaintiff while they were questioning, seizing, and arresting plaintiff was a direct and legal cause of plaintiff's injuries as alleged in ¶ 11 above.

65. As a direct and legal result of the aforementioned violations of the ADA, 42 U.S.C. §12132 and 28 C.F.R. §35, et seq., plaintiff suffered the injuries alleged in ¶ 11 above and is entitled to all remedies and rights set forth in the ADA, 42 U.S.C. §12133 and 28 C.F.R. §35.175, including but not limited to reasonable attorney's fees, litigation expenses, and costs.

WHEREFORE, plaintiff prays for relief as set forth herein.

## CLAIM REQUIREMENT

66. Plaintiff is required to comply with an administrative claim requirement under California law for the state claims herein made against the City and County of San Francisco and the City and County of San Francisco Sheriff's Department. Plaintiff has complied with all such applicable requirements.

## JURY DEMAND

67. Plaintiff hereby demands a jury trial in this action.

## INTRADISTRICT ASSIGNMENT

68. This action arose in the City and County of San Francisco, and should be assigned to the San Francisco or Oakland Division. Civil L.R. 3-2(d).

## PRAYER

WHEREFORE, plaintiff prays for relief as follows:

1. General compensatory damages in the amount of $2,000,000;
2. Special compensatory damages in the amount of $1,000,000;

COMPLAINT FOR DAMAGES  – 17 –
*Smith v. CCSF, et al.*
USDC (N.D. Cal.) Case No.: _____

3. Punitive damages against defendants Folger, Goodman, Lewis, Haskell, and Does 1 to 200 in the amount of $1,000,000;

4. Exemplary damages and civil penalties for each violation against plaintiff of Civil Code §52.1(b) of no less than $25,000;

5. Plaintiff reserves her right to reasonable attorney's fees pursuant to Civil Code §52.1 (h) and 42 U.S.C. §1988;

6. Costs of suit incurred herein;

7. Such other and further relief as the Court may deem just and proper.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: 7/10/2017

Respectfully submitted,

Amber Ahyawna Smith,
Plaintiff in Pro Per