IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER AHYAWNA SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-04224-CW<br><br>ORDER OF DISMISSAL<br><br>(Dkt. Nos. 30, 33, 36) |

Individual Defendants Sheriff Vicki Hennessy, Deputy M. Folger, Deputy B. Goodman, Sr., Deputy Lewis, and Lt. Haskell have filed a motion to dismiss or, in the alternative, to compel the deposition of Plaintiff Amber Ahyawna Smith and extend the deadlines for fact discovery and for the filing of a dispositive motion. Plaintiff has not opposed the motion or complied with this Court's discovery and case management orders. For the following reasons, the Court grants Defendants' motion and dismisses this case with prejudice for failure to prosecute.

BACKGROUND

Plaintiff filed this pro se civil rights action under 42 U.S.C. § 1983 against the City and County of San Francisco, the City and County of San Francisco Sheriff's Department, and the Individual Defendants. The Court ordered issuance of summons and Deputy United States Marshals served Defendants. The parties appeared for an initial case management conference on November 7, 2017, and the Court set a case management schedule, including a deadline of March 2, 2018 for the completion of fact discovery.

On February 21, 2018, Defendants moved to dismiss, contending that, after the case management conference, Plaintiff failed to return their phone calls and emails or to respond in any way to their repeated attempts to conduct discovery in this case. They asserted that she failed to appear at a properly noticed deposition or to meet and confer regarding deposition scheduling, to sign a release for Defendants to obtain her medical records, to respond to written discovery requests or to provide responsive documents.

On March 16, 2018, the Court granted Defendants' motion to compel, stayed consideration of Defendants' motion to dismiss and ordered Plaintiff to comply with her discovery obligations no later than April 2, 2018. The Court ordered Plaintiff to file a joint status report or separate declaration regarding her compliance with the Court's order no later than April 3, 2018. The Court warned Plaintiff that if she did not comply fully with the Court's order, her case would be dismissed with prejudice for failure to prosecute.

## LEGAL STANDARD

The Court may order sanctions if a party fails, after being served with proper notice, to appear for her deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include any further just orders, including dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A), (d)(3). This Court applies five factors in considering whether dismissal is appropriate as a sanction: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public

2

policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Wanderer v. Johnston, 910 F.2d 652, 956 (9th Cir. 1990) (quoting Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

In order to warrant imposition of terminating sanctions, the Court must find that the failure to comply was "due to willfulness, bad faith, or fault of the party." Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 589 (9th Cir. 1983). A finding of "'disobedient conduct not shown to be outside the control of the litigant'" meets this standard. Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (quoting Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1341 (9th Cir. 1985)).

## DISCUSSION

Plaintiff has not opposed Defendants' motion to dismiss and did not file a status report or declaration in compliance with this Court's March 16, 2018 order. Mail sent to Plaintiff's address of record has not been returned to the Court as undeliverable, so there is no reason to believe she did not receive the order. On April 3, 2018, Defendants filed a declaration that Plaintiff has not contacted Defendants to comply with the Court's order, and that the last communication Defendants had with Plaintiff was at the November 7, 2017 initial case management conference. The deadline for the close of fact discovery has passed and Plaintiff has not participated in discovery or appeared for her deposition. It appears that she has abandoned this litigation willfully.

The interest in expeditious resolution of this litigation, the Court's need to manage its dockets, and the risk of prejudice

to Defendants all weigh in favor of granting the motion to dismiss. With regard to the public policy favoring disposition of cases on their merits and the availability of less drastic sanctions, the Court extended the fact discovery cut-off and issued the prior order in an attempt to give Plaintiff an additional opportunity to comply with her obligations and make a disposition on the merits possible. The Court also explicitly informed Plaintiff of the consequences of failing to comply. Plaintiff has not complied with the Court's March 16, 2018 order or responded to it in any way. Nor has she complied with the Court's November 7, 2017 minute order and case management order. Accordingly, the Court will dismiss this case with prejudice for failure to prosecute.

CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss this case with prejudice for failure to prosecute. The Clerk shall enter judgment and close this case. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: April 4, 2018

CLAUDIA WILKEN
United States District Judge

4